IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY R. HAWES, | No. C 14-3189 WHA (PR) |
| Petitioner, | **ORDER DIRECTING RESPONDENT TO FILE REPLY BRIEF** |
| v. | |
| R. GROUNDS, | |
| Respondent. | |

Petitioner, a California state prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. He claims that he was denied his right to counsel at the preliminary hearing because he was allowed to represent himself at that hearing despite being mentally incompetent. He further alleges that after he was arrested, he was required to take medication for his condition, including during his trial, and that the medication made him unable to defend himself properly. Respondent was ordered to address both of these claims. Respondent's motion to dismiss the petition as untimely was denied. Respondent has now filed a motion to dismiss on the grounds that petitioner did not exhaust his state court remedies with respect to his claims in the instant petition. Although granted time to do so, petitioner did not file an opposition to the motion. Petitioner did file a traverse and two single-page letters (dkt. 28-30). Only the last of these addresses the exhaustion issue and because it does, it is construed as petitioner's opposition to respondent's motion to dismiss on exhaustion grounds.

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of

each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).

The procedural history surrounding petitioner's conviction and sentence is explained in detail in the order denying respondent's motion to dismiss the petition as untimely (dkt. 21). Petitioner has presented claims to the California Supreme Court on two occasions: in a petition for a writ of habeas corpus filed on July 15, 2011, and denied on November 16, 2011 (dkt. 27 Exhs. 2, 3), and in a petition for direct review filed on September 29, 2011, and denied on December 21, 2011 (*id.* Exhs. 1, 4). It is undisputed that neither of these petitions included the claims raised in the instant federal petition that petitioner was improperly allowed to represent himself at the preliminary hearing and was required to take medication that prevented him from properly representing himself (*see id.* Exhs. 1, 2). In his letter addressing exhaustion, however, petitioner alleges that he filed a petition for a writ of mandamus in the California Supreme Court prior his conviction, and that this petition satisfies his obligation to exhaust his federal claims (*see* Dkt. 30). As respondent has not addressed this allegation (nor could he have been expected to as it was not raised in an opposition brief or served upon respondent), respondent shall file a reply brief within 14 days of the date this order is filed addressing whether any of petitioner's claims are exhausted by the petition for a writ of mandamus described by petitioner. .

**IT IS SO ORDERED.**

Dated: January  6 , 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE