IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY R. HAWES, | No. C 14-3189 WHA (PR) |
| Petitioner, | **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY** |
| v. | |
| R. GROUNDS, | |
| Respondent. | |
| _____ / | (Docket No. 27) |

Petitioner, a California state prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. He claims that he was denied his right to counsel at the preliminary hearing because he was allowed to represent himself at that hearing despite being mentally incompetent. He further alleges that after he was arrested, he was required to take medication for his condition, including during his trial, and that the medication made him unable to defend himself properly. Respondent was ordered to address both of these claims. Respondent's motion to dismiss the petition as untimely was denied. Respondent then filed a motion to dismiss on the grounds that petitioner did not exhaust his state court remedies with respect to his claims in the instant petition. Petitioner did not file an opposition to the motion, but he filed a traverse and two single-page letters (dkt. 28-30). Only the last of these (dkt. 30) addressed the exhaustion issue, and as such it was construed as petitioner's opposition to respondent's motion to dismiss on exhaustion grounds. In an order dated January 6, 2016, respondent was ordered to file a reply brief addressing the allegations in plaintiff's opposition. Respondent has done so, and petitioner has filed two more single-page letters (dkt. 33, 34).

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first

exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).

As explained in the order of January 6, 2016, neither the petition for direct review filed in the California Supreme Court on September 29, 2011, nor the petition for a writ of habeas corpus filed in the California Supreme Court on July 15, 2011 (dkt. 27 Exhs. 1, 2). Petitioner has not presented claims to the California Supreme Court on any other occasion. In his opposition letter, petitioner alleged that he filed a petition for a writ of mandamus in the California Supreme Court prior to his conviction, which exhausted his federal claims (*see* dkt. 30). Petitioner did not produce a copy or record of this alleged petition for a writ of mandamus, however.

It is not clear whether raising claims in a petition for a writ of mandamus would satisfy the federal exhaustion requirement, *cf. Pitchess v. Davis*, 421 U.S. 482, 488 (1975) (per curiam) (writs of prohibition did not exhaust state court remedies); *see also People v. Medina*, 6 Cal. 3d 484, 491 (1972) (writ of mandate and writ of prohibition are extraordinary writs). In any event, even if raising claims in a petition for a writ of mandamus would satisfy the exhaustion requirement, respondent has shown that there is no record of any petition for a writ of mandamus filed by petitioner in the California Supreme Court. Petitioner filed two mandamus petitions in the California Court of Appeal, but presenting claims in the California Court of Appeal is not sufficient to exhaust all of his state court remedies.

In response to the reply brief, petitioner no longer asserts that he raised his claims in a mandamus petition to the California Supreme Court, but rather he states that his appellate counsel Joseph Shipp "brought up the fact that I was incompetent then allowed to defend myself" in the California Supreme Court (dkt. 33). A review of the petition for direct review filed by Mr. Shipp, however, does not claim that petitioner was improperly allowed to represent himself at the preliminary hearing or that medication made him unable to properly defend himself, which are the two claims raised in the instant petition (dkt. 27 Exh. 1). Because there

1  is no indication that petitioner ever presented these two claims to the California Supreme Court
2  with a fair opportunity to rule on them on their merits, the claims are not exhausted under 28
3  U.S.C. 2254(b),(c).

4  Accordingly, the motion to dismiss is **GRANTED** and the instant petition is **DISMISSED**
5  without prejudice to refiling after available state judicial remedies are exhausted.

6  Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to
7  rule on whether a petitioner is entitled to a certificate of appealability in the same order in
8  which the petition is denied. Petitioner has failed to make a substantial showing that a
9  reasonable jurist would find the dismissal of his petition debatable or wrong. *Slack v.*
10 *McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted
11 in this case.

12 The clerk shall enter judgment and close the file.

13 **IT IS SO ORDERED.**

14 Dated: May __9__, 2016.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE